Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VANESA VILLÉN BLANCO**<br><br>Plaintiff,<br><br>vs.<br><br>**MUZOM TRANSPORTATION, INC., et al.,**<br><br>Defendants. | **2:26-cv-14147-TGB-CI**<br><br>**FIRST AMENDED COMPLAINT AND RELIANCE UPON PREVIOUSLY FILED DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, VANESA VILLÉN BLANCO, by and through her attorneys, Michigan Auto Law, P.C., and says:

## THE PARTIES

1. That Plaintiff, VANESA VILLÉN BLANCO, at all times material hereto, was a citizen of the State of Michigan, and was domiciled in the Village of Concord, County of Jackson.

2. That Defendant, MUZOM TRANSPORTATION INC., at all times material hereto, was a citizen of the State of Illinois, said corporation being incorporated and having its principal place of business in the State of Illinois.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

3. That Defendant, FREIGHT UNITED INC., at all times material hereto, was a citizen of the State of Illinois, said corporation being incorporated and having its principal place of business in the State of Illinois.

4. That Defendant, ALEX CHILDERIC, at all times material hereto, was a citizen of the State of Florida, and was domiciled in the City of Fort Pierce, County of St. Lucie.

## JURISDICTION AND VENUE

5. That this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6. That this Court has personal jurisdiction over the Defendants pursuant to the Michigan Long-Arm Statute, Mich. Comp. Laws §§ 600.705, 600.715, as the Defendants were conducting business within the State of Michigan and caused acts to be done, and consequences to occur, resulting in this action for tort.

7. That venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this cause of action occurred in this judicial district.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

## COUNT I – COMMON ALLEGATIONS AGAINST ALL DEFENDANTS

8. That on or about September 11, 2025, at or about 12:17 p.m., Plaintiff, VANESA VILLÉN BLANCO, was lawfully executing a right-hand turn from County Farm Road onto southbound Airport Road, in the Township of Blackman, County of Jackson, and State of Michigan.

9. That at the aforementioned time and place, Defendant, ALEX CHILDERIC, was driving a 2022 Freightliner Cascadia, license number 3206861, with the express and implied consent and knowledge of its owners, MUZOM TRANSPORTATION INC. and/or FREIGHT UNITED INC., and was in the course and scope of his employment with MUZOM TRANSPORTATION INC. and/or FREIGHT UNITED INC., said companies being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

10. At that time and place, Defendant, ALEX CHILDERIC, owed the Plaintiff, VANESA VILLÉN BLANCO, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the Township of Blackman.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

11. That Defendant, ALEX CHILDERIC, did then and there display gross negligence, willful and wanton conduct and/or ordinary negligence and misconduct by failing to yield to Plaintiff, making an improper right turn from a designated through lane, and striking Plaintiff's vehicle.

12. That at the said time and place, Defendants, ALEX CHILDERIC, MUZOM TRANSPORTATION INC. and FREIGHT UNITED INC., were guilty of gross negligence, willful and wanton conduct and/or ordinary negligence and misconduct as follows:

A. In driving at an excessive rate of speed, under the conditions then and there existing;

B. In failing to yield the right of way;

C. In driving in such a manner as to be unable to stop within an assured clear distance ahead;

D. In failing to keep a reasonable lookout for other persons and vehicles using said highway;

E. In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

F. In failing to drive with due care and caution;

G. In driving while distracted;

H. In failing to take all possible precautions to avoid any collision with other motor vehicles; and

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

I. In failing to make and/or renew observations of the conditions of traffic on the highway.

13. The Defendant, ALEX CHILDERIC, was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the Township of Blackman.

14. That among those Statutes Defendants, ALEX CHILDERIC, MUZOM TRANSPORTATION INC. and FREIGHT UNITED INC., violated include, but are not limited to, the following:

| | | |
|---|---|---|
| M.C.L. | 257.401 | Owner liability; |
| M.C.L. | 257.612 | Obedience to traffic control devices; |
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |
| M.C.L. | 257.628 | Failure to observe a speed limit or traffic control sign or signal; |
| M.C.L. | 257.641 | Driving in direction designated; |
| M.C.L. | 257.642 | Roadway with two or more marked lanes; |
| M.C.L. | 257.643 | Following too closely; |

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

| | | |
|---|---|---|
| M.C.L. | 257.647 | Turning at intersection; |
| M.C.L. | 257.649 | Right-of-way; stop signs; merging; |
| M.C.L. | 257.676b | Interference with flow of traffic; |
| M.C.L. | 257.677 | View or control of driver; |
| M.C.L. | 257.683 | Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle; |
| M.C.L. | 257.697 | Signal devices; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 480.11, *et seq*. | Motor Carrier Safety Act of 1963 and Motor Carrier Safety Act; and |
| 49 C.F.R. | Parts 300-399 | Federal Motor Carrier Safety Regulations. |

15. That as a proximate cause of Defendants' negligence, Plaintiff, VANESA VILLÉN BLANCO, was seriously injured and suffered a serious impairment of body function, permanent serious disfigurement, and/or serious neurological injuries as follows: cervical spine injuries requiring surgery and resulting in permanent scarring, left shoulder injuries, plus other injuries which may have been found to have been sustained to the head, neck, shoulders, arms, knees, back, chest and to other parts of her body, externally and internally, some or all of which

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

interferes with her enjoyment of life and caused Plaintiff, VANESA VILLÉN BLANCO, great pain and suffering.

16. That as a proximate result of said injuries, the Plaintiff, VANESA VILLÉN BLANCO, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

17. That should it be determined at the time of trial that the said Plaintiff, VANESA VILLÉN BLANCO, was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, Plaintiff, VANESA VILLÉN BLANCO, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

**COUNT II – EXCESS ECONOMIC LOSS**
**AGAINST ALL DEFENDANTS**

NOW COMES Plaintiff, VANESA VILLÉN BLANCO, and adds a Count II as follows:

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

18. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-17.

19. Plaintiff hereby claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations, including medical care and treatment in excess of any no-fault PIP cap, plus all other economic damages allowable under the Michigan No-Fault Law.

20. Plaintiff VANESA VILLÉN BLANCO hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

WHEREFORE, Plaintiff, VANESA VILLÉN BLANCO, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

**COUNT III – VICARIOUS LIABILITY AGAINST DEFENDANT MUZOM TRANSPORTATION INC.**

NOW COMES Plaintiff, VANESA VILLÉN BLANCO, and adds a Count III as follows:

21. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-20.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

22. Defendant, MUZOM TRANSPORTATION INC., was an employer of ALEX CHILDERIC, who was acting within the course and scope of his employment with Defendant MUZOM TRANSPORTATION INC. at the time of the collision herein.

23. At the time of the subject collision that occurred on September 11, 2025, Defendant, ALEX CHILDERIC, was acting as an agent for, and on behalf of, Defendant, MUZOM TRANSPORTATION INC., in furtherance of Defendant, MUZOM TRANSPORTATION INC.'s business activities and profit seeking endeavors. Defendant MUZOM TRANSPORTATION INC. was functioning as the principal, and the Defendant, ALEX CHILDERIC, was acting as its agent such that Defendant MUZOM TRANSPORTATION INC. is vicariously liable for the negligence of Defendant, ALEX CHILDERIC.

24. In the alternative, Defendant, ALEX CHILDERIC, was an independent contractor hired to transport loads for Defendant, MUZOM TRANSPORTATION INC., and was under dispatch by Defendant, MUZOM TRANSPORTATION INC., whereby Defendant MUZOM TRANSPORTATION INC. retained the right to control, and/or did in fact

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

exercise its right to control the manner, method, and means of the services performed.

25. Defendant MUZOM TRANSPORTATION INC. is vicariously liable for the Defendant, ALEX CHILDERIC's negligence and/or gross negligence under the "statutory employee" and/or "statutory owner" doctrines of liability imposed by the United States Code and the Code of Federal Regulations, more specifically, the Federal Motor Carrier Safety Regulations, and the Michigan Motor Carrier Safety Act of 1963.

26. That in addition to the allegations set out in Counts I and II, Defendant ALEX CHILDERIC's employer, MUZOM TRANSPORTATION INC., is liable for Defendant ALEX CHILDERIC's negligence under the doctrine of Respondeat Superior.

27. The Defendant, MUZOM TRANSPORTATION INC., was the owner and/or lessee of the tractor and trailer being operated by Defendant ALEX CHILDERIC, and he was using it with Defendant MUZOM TRANSPORTATION INC.'s knowledge and permission at the time of the collision, making MUZOM TRANSPORTATION INC. vicariously liable for his negligence pursuant to the Michigan Ownership Liability Act, MCL § 257.401 et seq.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

28. As a factual and proximate cause of ALEX CHILDERIC's conduct as set out more fully in Count I and elsewhere in this Complaint, the Plaintiff was seriously injured and suffered injuries and damages as set out more fully in Counts I and II.

WHEREFORE, Plaintiff, VANESA VILLÉN BLANCO, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

**COUNT IV – DIRECT NEGLIGENCE**
**AGAINST DEFENDANT MUZOM TRANSPORTATION INC.**

NOW COMES Plaintiff, VANESA VILLÉN BLANCO, and adds a Count IV as follows:

29. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-28.

30. Defendant MUZOM TRANSPORTATION INC. owed the Plaintiff and the public at large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 *et seq.*, the Motor Carrier Safety Act of 1963.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

31. Defendant MUZOM TRANSPORTATION INC. was directly negligent, independent of the negligence of Defendant ALEX CHILDERIC, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 *et seq.*, the Motor Carrier Safety Act of 1963; in one or more of the following ways:

A. Failing to properly screen and investigate Defendant ALEX CHILDERIC prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;

B. Failing to properly direct, instruct, supervise, and train and/or control, Defendant ALEX CHILDERIC regarding the safe operation of a commercial motor vehicle and compliance with applicable Federal and Michigan Statutes;

C. Failing to take steps to ensure Defendant ALEX CHILDERIC's compliance with applicable Federal and

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Michigan statutes, and the standard of care for a commercial motor vehicle driver;

D. MUZOM TRANSPORTATION INC.'s failure to design, implement, and enforce safety controls and procedures for the safe operation of commercial vehicles, creating a culture of risk constituting a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff; and

E. Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the 2022 Freightliner Cascadia, license number 3206861, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

32. Defendant MUZOM TRANSPORTATION INC. was negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant ALEX CHILDERIC.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

33. The negligence of Defendant MUZOM TRANSPORTATION INC. in hiring, directing, instructing, supervising, training and/or controlling Defendant ALEX CHILDERIC was a cause of the collision.

34. Defendant MUZOM TRANSPORTATION INC. was negligent in failing to ensure that the vehicles under its ownership or control, including the 2022 Freightliner Cascadia, license number 3206861, were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 *et seq.*, the Motor Carrier Safety Act of 1963.

35. The negligence of Defendant MUZOM TRANSPORTATION INC. in systematically inspecting, maintaining, and repairing the vehicles under its ownership or control, including the 2022 Freightliner Cascadia, license number 3206861, was a cause of the collision.

36. Defendant MUZOM TRANSPORTATION INC. carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, and

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

consistently negligent driving, all of which were known by Defendant, MUZOM TRANSPORTATION INC., or should have been known in the exercise of reasonable care and caution, such that Defendant MUZOM TRANSPORTATION INC. is hereby guilty of negligence, independent, separate and distinct of defendant-driver.

37. The negligence of Defendant MUZOM TRANSPORTATION INC. in entrusting the aforementioned motor vehicle, and the operation thereof, to Defendant ALEX CHILDERIC, was a cause of the collision.

WHEREFORE, Plaintiff, VANESA VILLÉN BLANCO, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

**COUNT V – VICARIOUS LIABILITY AGAINST DEFENDANT FREIGHT UNITED INC.**

NOW COMES Plaintiff, VANESA VILLÉN BLANCO, and adds a Count V as follows:

38. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-37.

39. Defendant, FREIGHT UNITED INC., was an employer of ALEX CHILDERIC, who was acting within the course and scope of his

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

employment with Defendant FREIGHT UNITED INC. at the time of the collision herein.

40. At the time of the subject collision that occurred on September 11, 2025, Defendant, ALEX CHILDERIC, was acting as an agent for, and on behalf of, Defendant, FREIGHT UNITED INC., in furtherance of Defendant, FREIGHT UNITED INC.'s business activities and profit seeking endeavors. Defendant FREIGHT UNITED INC. was functioning as the principal, and the Defendant, ALEX CHILDERIC, was acting as its agent such that Defendant FREIGHT UNITED INC. is vicariously liable for the negligence of Defendant, ALEX CHILDERIC.

41. In the alternative, Defendant, ALEX CHILDERIC, was an independent contractor hired to transport loads for Defendant, FREIGHT UNITED INC., and was under dispatch by Defendant, FREIGHT UNITED INC., whereby Defendant FREIGHT UNITED INC. retained the right to control, and/or did in fact exercise its right to control the manner, method, and means of the services performed.

42. Defendant FREIGHT UNITED INC. is vicariously liable for the Defendant, ALEX CHILDERIC's negligence and/or gross negligence under the "statutory employee" and/or "statutory owner" doctrines of

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

liability imposed by the United States Code and the Code of Federal Regulations, more specifically, the Federal Motor Carrier Safety Regulations, and the Michigan Motor Carrier Safety Act of 1963.

43. That in addition to the allegations set out in Counts I and II, Defendant ALEX CHILDERIC's employer, FREIGHT UNITED INC., is liable for Defendant ALEX CHILDERIC's negligence under the doctrine of Respondeat Superior.

44. The Defendant, FREIGHT UNITED INC., was the owner and/or lessee of the tractor and trailer being operated by Defendant ALEX CHILDERIC, and he was using it with Defendant FREIGHT UNITED INC.'s knowledge and permission at the time of the collision, making FREIGHT UNITED INC. vicariously liable for his negligence pursuant to the Michigan Ownership Liability Act, MCL § 257.401 et seq.

45. As a factual and proximate cause of ALEX CHILDERIC's conduct as set out more fully in Count I and elsewhere in this Complaint, the Plaintiff was seriously injured and suffered injuries and damages as set out more fully in Counts I and II.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

WHEREFORE, Plaintiff, VANESA VILLÉN BLANCO, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

**COUNT VI – DIRECT NEGLIGENCE AGAINST DEFENDANT FREIGHT UNITED INC.**

NOW COMES Plaintiff, VANESA VILLÉN BLANCO, and adds a Count VI as follows:

46. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-45.

47. Defendant FREIGHT UNITED INC. owed the Plaintiff and the public at large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 *et seq.*, the Motor Carrier Safety Act of 1963.

48. Defendant FREIGHT UNITED INC. was directly negligent, independent of the negligence of Defendant ALEX CHILDERIC, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Federal Motor Carrier Safety Regulations; and MCL 480.11 *et seq.*, the Motor Carrier Safety Act of 1963; in one or more of the following ways:

A. Failing to properly screen and investigate Defendant ALEX CHILDERIC prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;

B. Failing to properly direct, instruct, supervise, and train and/or control, Defendant ALEX CHILDERIC regarding the safe operation of a commercial motor vehicle and compliance with applicable Federal and Michigan Statutes;

C. Failing to take steps to ensure Defendant ALEX CHILDERIC's compliance with applicable Federal and Michigan statutes, and the standard of care for a commercial motor vehicle driver;

D. FREIGHT UNITED INC.'s failure to design, implement, and enforce safety controls and procedures for the safe operation of commercial vehicles, creating a culture of risk constituting a dangerous mode of operation

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff; and

E. Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the 2022 Freightliner Cascadia, license number 3206861, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

49. Defendant FREIGHT UNITED INC. was negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant ALEX CHILDERIC.

50. The negligence of Defendant FREIGHT UNITED INC. in hiring, directing, instructing, supervising, training and/or controlling Defendant ALEX CHILDERIC was a cause of the collision.

51. Defendant FREIGHT UNITED INC. was negligent in failing to ensure that the vehicles under its ownership or control, including the 2022 Freightliner Cascadia, license number 3206861, were

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 *et seq.*, the Motor Carrier Safety Act of 1963.

52. The negligence of Defendant FREIGHT UNITED INC. in systematically inspecting, maintaining, and repairing the vehicles under its ownership or control, including the 2022 Freightliner Cascadia, license number 3206861, was a cause of the collision.

53. Defendant FREIGHT UNITED INC. carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, and consistently negligent driving, all of which were known by Defendant, FREIGHT UNITED INC., or should have been known in the exercise of reasonable care and caution, such that Defendant FREIGHT UNITED INC. is hereby guilty of negligence, independent, separate and distinct of defendant-driver.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

54. The negligence of Defendant FREIGHT UNITED INC. in entrusting the aforementioned motor vehicle, and the operation thereof, to Defendant ALEX CHILDERIC, was a cause of the collision.

WHEREFORE, Plaintiff, VANESA VILLÉN BLANCO, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

MICHIGAN AUTO LAW, P.C.

/s/ Kevin H. Seiferheld
KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
LEO J. ST. AMOUR (P88642)
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575
(248) 254-8081 (fax)
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
lstamour@michiganautolaw.com
esimon@michiganautolaw.com

Dated: November 4, 2026

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VANESA VILLÉN BLANCO**<br><br>Plaintiff,<br><br>vs.<br><br>**MUZOM TRANSPORTATION, INC., et al.,**<br><br>Defendants. | **2:26-cv-14147-TGB-CI**<br><br>**RELIANCE UPON PREVIOUSLY FILED DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, VANESA VILLÉN BLANCO, by and through her attorneys, Michigan Auto Law, P.C., and hereby relies upon her previous demand for a trial by jury in the above-entitled cause of action.

MICHIGAN AUTO LAW, P.C.

<u>/s/ Kevin H. Seiferheld</u>
KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
LEO J. ST. AMOUR (P88642)
Attorneys for Plaintiff

Dated: November 4, 2026